UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEITH J. LABAT (#509326)

VERSUS                                              CIVIL ACTION

LOUISIANA COMMUNITY AND                             NUMBER 08-377-JJB-SCR
TECHNICAL COLLEGE SYSTEM

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, September 17, 2008.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEITH J. LABAT (#509326)

VERSUS                                          CIVIL ACTION

LOUISIANA COMMUNITY AND                         NUMBER 08-377-JJB-SCR
TECHNICAL COLLEGE SYSTEM, ET AL

MAGISTRATE JUDGE'S REPORT

Before the court is the defendant's Motion to Dismiss. Record document number 4.  The motion is opposed.[1]

Pro se plaintiff, an inmate confined at David Wade Correctional Center, Homer, Louisiana, originally filed this action in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, against the Louisiana Community and Technical College System, Calvin Jody Peterson and Dianne Peterson. Plaintiff alleged that while incarcerated at Rayburn Correctional Center in Angie, Louisiana, he was forced to provide legal assistance to Calvin and Diane Peterson and other inmates, was subjected to unconstitutional conditions of confinement, was attacked by another inmate, and was transferred to a less desirable prison facility after reporting the defendants' wrongdoing to prison officials.  Plaintiff also asserted various claims under state law.

---

[1] Record document number 5.

Defendant Louisiana Community and Technical College System timely removed the case to this court pursuant to 28 U.S.C. § 1441. Defendant asserted that the court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343. Defendant also requested that the court exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

Without any specific references to the allegations in the plaintiff's complaint, the defendant moved to dismiss arguing that his complaint is frivolous. Defendant also argued that the Eleventh Amendment bars the plaintiff's claims in this court, the plaintiff's allegations are insufficient to state a claim upon which relief can be granted, and the defendant is entitled to qualified immunity.

Plaintiff opposed the motion arguing that the defendant seeks dismissal by inaccurately describing his claims.

**A. Removal**

Section 1441 of Title 28 of the United States Code provides the procedure for removal generally. The statute provides in relevant part the following:

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Plaintiff did not cite any specific federal statute or

constitutional provision in his Petition for Damages.  Plaintiff alleged a course of conduct by Calvin Jody Peterson which the plaintiff characterized as "unconstitutional."[2]  Plaintiff alleged that defendant Calvin Jody Peterson's actions - but not those of the other defendants - were done under color of state law.[3]  Plaintiff further alleged that "Calvin Jody Peterson's conduct was civil rights violations of the petitioner."[4]  Plaintiff also alleged that defendants Calvin Jody Peterson, Diane Peterson and Louisiana Community and Technical College System violated state law.

These allegations, although imprecise, in combination are sufficient to state a claim against defendant Calvin Jody Peterson for violations of his federal constitutional rights.  Under 42 U.S.C. § 1983, this court has jurisdiction over such a claim and the case can be removed to this court.  Since this court has subject matter jurisdiction over the § 1983 claims against defendant Calvin Jody Peterson, the court can exercise supplemental jurisdiction over the state law claims against him and the other two defendants.  Removal was proper in this case.

---

[2] Record document number 1, state court Petition for Damages, § 35.

[3] *Id.* § 42.

[4] *Id.* § 43.

**B. Eleventh Amendment Immunity**

Defendant Louisiana Community and Technical College System moved to dismiss the claims against it on grounds that it is immune from suit because of the sovereign immunity provided pursuant to the Eleventh Amendment.

Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits seeking monetary damages brought in federal courts by her own citizens as well as citizens of another state. *Edelman v. Jordan*, 415 U.S. 659, 94 S.Ct. 1347 (1974). A State's immunity from suit is not absolute. Congress has the power to "single-handedly strip the states of their Eleventh Amendment immunity and thereby authorize federal court suits by individuals against the states." *Pace v. Bogalusa City School Bd.*, 403 F.3d 272, 277 (5th Cir. 2005).

In addition to Congress' power to abrogate immunity, a state may waive its immunity or consent to suit in federal court. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267, 117 S.Ct. 2028, 2033 (1997); *Pace v. Bogalusa City School Bd.*, 403 F.3d 272, 276 (5th Cir. 2005).

A State may waive its immunity from suit by invoking federal court jurisdiction voluntarily. *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675, 119 S.Ct. 2219 (1999). The decision to waive that immunity must be voluntary on the part of the sovereign. *Meyers ex rel. Benzing v.*

*Texas*, 410 F.3d 235, 241 (5th Cir. 2005).

When the State has abrogated immunity from state-law lawsuits in state court, the State also waives its state sovereign immunity when it removes state-law causes of action from state to federal court. *Lapides v. Bd. of Regents of the University System of Georgia*, 535 U.S. 613, 122 S.Ct. 1640 (2002).

The Louisiana Legislature has provided that the State or a State Agency shall be sued only in state court. LSA-R.S. 13:5106(A). This is an express declaration by the Louisiana Legislature that the State of Louisiana can be sued in state court. The status of defendant Louisiana Community and Technical College System as an arm of the State of Louisiana is not disputed. *See Laxey v. Louisiana Bd. of Trustees*, 22 F.3d 621 (5th Cir. 1994)(Louisiana's public universities are to be treated as arms of the State of Louisiana). Thus, to the extent the plaintiff has alleged state law claims which defendant Louisiana Community and Technical College System removed to this court, Louisiana Community and Technical College System waived Eleventh Amendment immunity regarding these claims.

**B. Failure to State a Claim**

Defendant Louisiana Community and Technical College System also moved to dismiss the claims against it on grounds that it is not a "person" under § 1983. However, a review of the complaint showed that the plaintiff did not assert a claim against the

5

defendant pursuant to § 1983.  Defendant's argument does not apply to the claims against it.

### C. Frivolousness

Defendant's frivolousness argument is merely a free-floating series of statements of law not tethered to any allegations against it.[5]  Defendant's liability under state law is premised on being the employer of defendant Calvin Jody Peterson, and basically failing to properly train and supervise him.[6]  Defendant has not explained how the plaintiff's claim against it is frivolous.  It is not the court's proper role to fashion the defendant's arguments from whole cloth.

### D. Qualified Immunity

Again, the defendant merely strung together various statements of law regarding qualified immunity and did not tie them to the plaintiff's allegations.  Nevertheless, it is apparent that

---

[5] Moreover, virtually all of the defendants's supporting memorandum is just a series of statements of law with no explanation of how the cited law supports the defendant's arguments or applies to the plaintiff's claims.  It appears that this memorandum may have been copied from an unrelated case and then captioned for this case.  This conclusion is supported by the last paragraph on page 13 which refers to "an unlawful search, seizure, and/or detention of plaintiff without warrant, affidavit, or probable cause which caused him public embarrassment."  Defendant then refers to record document number 1, paragraph 5.  Such allegations appear nowhere in document 1, the plaintiff's Petition for Damages, or elsewhere in the record.

The citizens of Louisiana deserve better work from their Attorney General's office.

[6] *Id.* § 39.

qualified immunity is not a valid defense.  Qualified immunity is available to a state officer sued in his individual capacity under § 1983 for damages.  It is not available to a state agency such as the defendant.

## Conclusion

Defendant's Motion to Dismiss is based on defenses which are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.  Defendant's motion is in apparent violation of Rule 11, Fed.R.Civ.P.  Counsel for defendant is placed on notice that the court will impose appropriate sanctions against him and his law firm, i.e. the Louisiana Attorney General, pursuant to Rule 11 should he urge a similarly groundless argument in any other matters before this court.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendant's motion to dismiss be denied.

Baton Rouge, Louisiana, September 17, 2008.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE