UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEITH J. LABAT

VERSUS                                          CIVIL ACTION

LOUISIANA COMMUNITY AND                         NUMBER 08-377-JJB-SCR
TECHNICAL COLLEGE SYSTEM

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, April 6, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEITH J. LABAT

VERSUS                                              CIVIL ACTION

LOUISIANA COMMUNITY AND                             NUMBER 08-377-JJB-SCR
TECHNICAL COLLEGE SYSTEM

MAGISTRATE JUDGE'S REPORT

Before the court is the Motion for Summary Judgment filed on behalf of Louisiana Community and Technical College System. Record document number 17. The motion is opposed.[1] Defendants filed a reply to the plaintiff's opposition.[2]

Pro se plaintiff, an inmate confined at David Wade Correctional Center, Homer, Louisiana, originally filed this action in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, against the Louisiana Community and Technical College System (hereinafter LTC), Calvin Jody Peterson and Dianne Peterson. Plaintiff alleged that while incarcerated at Rayburn Correctional Center in Angie, Louisiana, he was forced to provide legal assistance to Calvin and Diane Peterson and other inmates, was subjected to unconstitutional conditions of confinement, was attacked by another inmate, and was transferred to

---

[1] Record document numbers 26 and 28.

[2] Record document number 27.

a less desirable prison facility after reporting the defendants' wrongdoing to prison officials.  Plaintiff alleged that defendant Calvin Jody Peterson's actions - but not those of the other defendants - were done under color of state law and resulted in a violation of his civil rights.[3]  Plaintiff also alleged that defendants Calvin Jody Peterson, Diane Peterson and LTC violated state law.  Defendant LTC removed the case to this court asserting subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

Defendant LTC moved for summary judgment relying on a statement of undisputed facts and the affidavits of Rhonda Z. Weldon.[4]

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e).

LTC[5] moved for summary judgment on the grounds that the

---

[3] Record document number 1, state court Petition for Damages, §§ 42, 43.

[4] Defendant referred to the results of Administrative Remedy Procedure RCC-2007-539. However, a copy of the administrative grievance record was not attached as an exhibit to the defendant's motion for summary judgment.

[5] Defendants Calvin Jody Peterson and Dianne Peterson did not participate in the defendant's motion for summary judgment.

plaintiff failed to exhaust available administrative remedies regarding the claims against it.

LTC argued that the plaintiff failed to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a).

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999).

Plaintiff's claims against LTC arise under state law only. Because the action against it was not brought with respect to prison conditions under § 1983, exhaustion pursuant to 42 U.S.C. § 1997e(a) is not required.

LTC also argued that the plaintiff failed to exhaust available

3

administrative remedies regarding his state law claims pursuant to the Corrections Administrative Remedy Procedure (CARP), LSA-R.S. 15:1171, et seq. And the Prison Litigation Reform Act (PLRA), LSA-R.S. 15:1181 et seq.

The CARP provides, in pertinent part, that the Department of Public Safety and Corrections is authorized to adopt administrative remedy procedures for receiving, hearing and disposing of any and all complaints and grievances by adult offenders against the state, the governor, the department or any officials or employees thereof, which arise while an offender is within the custody or under the supervision of the department. LSA-R.S. 15:1171B.

The PLRA provides that any complaint or grievance "with respect to the conditions of confinement or the effects of actions by government officials in the lives of persons confined in prison" is subject to the provisions of CARP. LSA-R.S. 15:1184(A)(1)(a).

The PLRA defines a "prisoner suit" as "any civil proceeding with respect to conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include post conviction relief or habeas corpus proceedings challenging the fact or duration of confinement in prison." LSA-R.S. 15:1181.

Plaintiff's state law claims against LTC do not concern the conditions of his confinement, nor the effects of actions by LTC on his life as a person confined in prison.

Even assuming that the provisions of CARP and the PLRA are applicable, the defendant conceded that the plaintiff filed Administrative Remedy Procedure RCC-2007-539 regarding his conditions of confinement claims.  The gist of the defendant's argument appears to be that the plaintiff did not specifically identify LTC in his administrative grievance.

LTC failed to come forward with any summary judgment evidence to support its argument.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the defendant's motion for summary judgment be denied.

Baton Rouge, Louisiana, April 6, 2009.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

5