UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


KEITH J. LABAT

VERSUS                                          CIVIL ACTION

LOUISIANA COMMUNITY AND                         NUMBER 08-377-JJB-SCR
TECHNICAL COLLEGE SYSTEM, ET AL

### NOTICE

   Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
   In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

   ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

   Baton Rouge, Louisiana, February 26, 2010.

                                    *signature*
                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


KEITH J. LABAT

VERSUS                                          CIVIL ACTION

LOUISIANA COMMUNITY AND                         NUMBER 08-377-JJB-SCR
TECHNICAL COLLEGE SYSTEM, ET AL


MAGISTRATE JUDGE'S REPORT

Before the court is the Motion for Summary Judgment filed on behalf of Louisiana Community and Technical College System. Record document number 61. The motion is not opposed.

**Background**

Pro se plaintiff, now a former inmate confined at David Wade Correctional Center, Homer, Louisiana, originally filed this action in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, against the Louisiana Community and Technical College System (hereinafter LTC), Calvin Jody Peterson and Diane Peterson. Plaintiff alleged that while incarcerated at Rayburn Correctional Center[1] (hereinafter RCC) in Angie, Louisiana, he was forced to provide legal assistance to the Petersons and other inmates, was subjected to unconstitutional conditions of confinement, was attacked by another inmate, and was transferred to

---

[1] RCC was formally known as Washington Correctional Institute.

a less desirable prison facility after reporting the defendants' wrongdoing to prison officials.  Plaintiff alleged that defendant Calvin Jody Peterson's actions - but not those of the other defendants - were done under color of state law and resulted in a violation of his civil rights.[2]  Plaintiff also alleged that the defendants violated state law.  Defendant LTC removed the case to this court asserting subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

Defendant LTC[3] moved for summary judgment relying on a statement of undisputed facts and the affidavits of William Wainwright and Calvin J. Peterson.

### Summary Judgment Standard and Applicable Law

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986).  If the moving party carries its burden under Rule 56(c), the opposing party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury that it is entitled to a verdict in its favor.

---

[2] Record document number 1, state court Petition for Damages, §§ 42, 43.

[3] Defendants Calvin Jody Peterson and Dianne Peterson did not participate in the defendant's motion for summary judgment.

2

*Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.  This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor.  *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513.  The court may not make credibility findings, weigh the evidence or resolve factual disputes.  *Id.; International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059, 112 S. Ct. 936 (1992).

    A party may not rest upon mere allegations or denials of his pleadings in opposing a motion for summary judgment.  *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986); *Fontenot v. Upjohn Company*, 780 F.2d 1190 (5th Cir. 1986); *John Hancock Mut. Life Ins. v. Johnson*, 736 F.2d 315 (5th Cir. 1984).

    The substantive law dictates which facts are material. *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001).  An employer is answerable for the damage occasioned by his servant in the exercise of the functions in which

the servant is employed. La.C.C. art. 2320;[4] *Orgeron on Behalf of Orgeron v. McDonald*, 639 So.2d 224, 226 (La. 1994). Liability extends only to the employee's tortious conduct that is within the course and scope of the employment. *Id.*; *Busby v. St. Paul Ins., Co.*, (La. App. 1st Cir. 5/10/96); 673 So.2d 320, 331.

Generally speaking, an employee's conduct is within the course and scope of his employment if the conduct is of the kind that he is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve the employer. *Orgeron on Behalf of Orgeron v. McDonald*, 639 So.2d at 226-27.

In determining whether the employee's conduct is employment-rooted, the court must assess several factors, including the payment of wages by the employer, the employer's power of control, the employee's duty to perform the particular act, the time, place and purpose of the act in relation to service of the employer, the relationship between the employee's act and the employer's business, the benefits received by the employer from the act, the motivation of the employee for performing the act, and the reasonable expectation of the employer that the employee would perform the act. *Reed v. House of Decor, Inc.*, 468 So.2d 1159,

---

[4] La.C.C. art. 2320 provides in pertinent part as follows: "Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed."

4

1161 (La. 1985). When the employer upon whom vicarious liability is sought to be imposed had only a marginal relationship with the act which generated the risk and did not benefit by it, the responsibility for preventing the risk is solely upon the tortfeasor who created the risk while performing the act. *Id*.

## Analysis

Plaintiff alleged that in August 2007, while confined at RCC, correctional officers arranged for the plaintiff to meet with defendant Calvin Jody Peterson, a LTC employee working at RCC, to discuss Peterson's "legal complications." Plaintiff alleged that prior to his incarceration, he was licensed to practice law in the State of Louisiana.[5] Plaintiff alleged that Peterson and the correctional officers demanded that he provide legal services to Peterson and his wife, and to D.J. Pitt Stop, L.L.C., a company owned by the Petersons. Plaintiff alleged that when he refused to assist Peterson, he was told that he would be beaten. Plaintiff alleged that because the correctional officers had beaten him in the past, he acquiesced to their demands.

Plaintiff alleged that for several months he was forced to conduct legal research and provide legal assistance, sometimes more than 10 hours per day. Plaintiff alleged that he conducted the

---

[5] Plaintiff was disbarred, his license to practice law in the State of Louisiana was revoked and he was permanently prohibited from being readmitted to the practice of law in the State of Louisiana. *In re Labat*, 995 So.2d 625 (La. 2008).

5

legal research on both the LTC and RCC computers. Plaintiff alleged that he periodically missed meals to meet research deadlines and was often not permitted out of the room to obtain food and water and attend to his personal needs. Plaintiff alleged that Peterson demanded that he provide legal assistance to other inmates. Plaintiff alleged that after reporting Peterson's alleged wrongdoing, he was placed in isolation and was later transferred to another, less desirable facility.

Defendant LTC's liability under state law is premised on being the employer of defendant Calvin Jody Peterson and basically failing to properly train and supervise him.

The summary judgment evidence showed that on September 10, 2001, Calvin Jody Peterson was hired as a substitute automotive technology instructor for the LTC Sullivan Campus Corrections Program.[6] Between September 17-19, 2001, Peterson completed a mandatory Washington Correctional Institute Forty Hour Non-Security Employee Orientation Curriculum.[7] Included in the orientation program was training on the Code of Conduct and malfeasance law.[8] On May 24, 2002, Peterson was hired as a full-time, regular automotive instructor for the LTC Sullivan Campus Corrections

---

[6] Affidavit of William Wainwright, exhibit 1.

[7] *Id.*, exhibit 5.

[8] *Id.*

Program.[9]

The summary judgment evidence showed that on August 23, 2007, the plaintiff complained to prison officials that he was being required to provide Peterson with legal assistance.[10] The matter was investigated by RCC officials and Department Information Technology personnel who determined that Peterson had solicited legal assistance from the plaintiff but found no evidence of access to legal research sites or an unusual amount of internet activity on Peterson's office computer.[11] The summary judgment evidence also showed that Calvin Jody Peterson sought legal advise from the plaintiff regarding a purely personal matter unrelated to his employment.[12] Peterson was issued a letter of reprimand by LTC,[13] was required to receive counseling about the behavioral tendencies of inmates and establishing appropriate boundaries with inmates, and to participate in an Orientation Refresher course.[14]

## Conclusion

Applying the *Reed* factors to the facts of this case supports

---

[9] *Id.* exhibit 10.

[10] *Id.* exhibit 13.

[11] *Id.*

[12] Affidavit Calvin Jody Peterson.

[13] *Id.* exhibit 10.

[14] *Id.* exhibits 13-15.

7

a finding that Peterson was acting outside the course and scope of his employment.  Although Peterson's employment with LTC put him in the position to come into contact with the plaintiff, Peterson's actions vis-s-vis the plaintiff were wholly unrelated to Peterson's employment as a teacher and he was motivated by purely personal needs.  Defendant LTC had no reasonable expectation that Peterson would solicit legal assistance from an inmate and LTC received no benefit from Peterson's actions.

Plaintiff has neither opposed the evidence offered by defendant LTC nor submitted any summary judgment evidence showing that there is a genuinely disputed issue for trial regarding the liability of defendant LTC for the allegedly wrongful action of defendant Calvin Jody Peterson.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendant's motion for summary judgment be granted and the claims against Louisiana Community and Technical College System be dismissed.

Baton Rouge, Louisiana, February 26, 2010.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE