UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEITH J. LABAT

VERSUS                                          CIVIL ACTION

LOUISIANA COMMUNITY AND                         NUMBER 08-377-BAJ-SCR
TECHNICAL COLLEGE SYSTEM, ET AL

RULING ON MOTION FOR CONTEMPT

Before the court is the plaintiff's Motion For Contempt. Record document number 69. The motion is not opposed.

On February 26, 2010, the plaintiff's motion to compel discovery was granted in part.[1] Defendant Calvin Jody Peterson was ordered to respond to interrogatory number 17 and request for production of documents number 3, and Diane Peterson was ordered to respond to interrogatory number 9 and request for production of documents number 3.

The information sought related to whether the Petersons have ever been arrested, charged with a criminal offense and/or been convicted on criminal charges. The discovery at issue goes to the credibility of the defendants, the determination of which must be made by the jury.

Defendants failed to respond to the discovery as ordered. Plaintiff moved to have the failure to obey the court's order

---

[1] Record document number 63, Ruling on Motion to Compel Discovery.

compelling discovery treated as contempt of court pursuant to Rule 37(b)(2)(A)(vii).

Magistrate judges have contempt authority only under certain specified circumstances. 28 U.S.C. § 636(e). Regarding motions and proceedings referred to a magistrate judge under 28 U.S.C. § 636(a) or (b), as in this case, a magistrate judge does not have contempt authority over conduct constituting civil contempt. Under those circumstances, § 636(e)(6) provides as follows:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

Pursuant to 28 U.S.C. § 636(e)(6), the magistrate judge certifies to the district judge, for the purpose of determining whether to order the defendants to show cause why they should not be held in contempt of court, that defendants Calvin Jody Peterson and Diane Peterson failed to respond to discovery in accordance with the court's order issued February 26, 2010.

Baton Rouge, Louisiana, November 1, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE